Joseph A. Suozzi, J.
In this action, the plaintiff seeks to recover (1) the value of his shareholdings in the defendant corporation; (2) unpaid accrued salary for an eight-week period; and (3) the value of his undistributed profits.
Prior to May 4, 1959 the plaintiff and the three individual defendants constituted the holders of all the outstanding shares of stock in the defendant, King Freeze Corp. Each owned 10 shares, and each was represented as a director and officer in the corporation. All the individual parties involved rendered service to the corporation, and were paid a salary.
On May 4,1959 the plaintiff’s employment with the corporation was terminated at a special meeting called for that purpose. Upon termination of his employment, a shareholder was entitled to have his stock interest computed and paid, pursuant to a stockholders’ agreement. The parties were unable to agree on the payment to be made to the plaintiff, and this action resulted.
The cause of action for undistributed profits is insufficient, and judgment is rendered for defendants dismissing that cause. The undisputed facts are that the defendant corporation elected in 1958 to be treated as a so-called Subchapter S corporation. Under the Internal Revenue Code (U. S. Code, tit. 26, § 1371 et seq.) the stockholders of small business corporations, which meet the qualifications and conditions exposed, may elect to have the income of the corporation taxed as a partnership. This method has the advantage of spreading the taxable income among the various stockholders as partners, who pay the tax on their individual income instead of having the entire tax paid by the corporation at the corporate tax level. Another advantage lies in the avoidance of double taxation, viz., the taxation of the corporation on its profits, and the subsequent taxation of the stockholders on the dividends received by them.
The plaintiff’s share of the earnings or profits was $772.38, which he declared as income on his individual return, and on which he paid tax. Neither he nor any other shareholder received a distribution of this sum from the corporation. Whether such a distribution could lawfully be made under State law — which prohibits dividends except from surplus — we need *841 not consider (see Stock Corporation Law, § 58). The distribution was not made, and the increment accruing from the nonpayment must necessarily be reflected in the corporation’s net worth, and be passed on to the plaintiff in the valuation of his stock interest.
The practice of the stockholders of the defendant corporation had been to draw weekly paychecks. If the corporation was short on cash, the checks were held until such time as sufficient funds were available. In this way, the plaintiff accumulated eight unpaid salary checks at the time of his ouster. The defendants attempt to defeat his claim for payment on the ground that none of the other shareholders received payment for the same period.
This defense is untenable. The plaintiff earned his salary, and payment thereof cannot be forfeited by termination of his employment. The corporation remains indebted to the plaintiff and the other stockholders for accrued salary. The remaining stockholders are in position to enforce payment at a subsequent date, but the plaintiff is not. Judgment is rendered for the plaintiff on the second cause of action for eight weeks’ salary, totaling $1,288.80, with interest.
The cause of action for valuation of the plaintiff’s stock interest is based on a stockholders’ agreement, dated March 5, 1957. Paragraph 17 of this agreement sets forth a formula for valuation of (A) goodwill; (B) furniture, fixtures and machinery; (C) current accounts receivable; and (D) merchandise. The plaintiff contends that his stock value should be computed strictly in accordance with this paragraph. The defendants claim the agreement merely serves as a guide for evaluating the particular items mentioned which must then be considered in conjunction with other factors, such as liabilities and cash on hand, before the true value is arrived at. From all the testimony, including that of the attorney who prepared the agreement, there can be no doubt that the intent of the parties was not as contended by plaintiff, and that the position taken by defendants as to the valuation is correct.
The plaintiff, for instance, claims $6,768.26 as his share of current accounts receivable. This represents one quarter of the current receivables ($27,910.22), after deduction of 3% for depreciation as prescribed by the agreement. This method wholly fails to consider liabilities. It is hardly possible that the parties intended a stockholder to receive one quarter of receivables if, in fact, current liabilities exceeded this item. On the other hand, if the receivables were converted into cash, the stockholder, under the formula agreement as construed by the *842 plaintiff, would be entitled to nothing. Such could not be the intent of the parties.
The agreement was originally drawn on March 5, 1957 at a time when a new shareholder, one Frank Lo Presto, was admitted into the corporation. He has since resold his holdings to the corporation. Mr. Lo Presto contributed no cash to the corporation, but assigned personal property to it. The agreement is explicit that the valuation of the corporate assets at that time was made simply for the purpose of admitting Mr. Lo Presto. There is no intent expressed that this method would control for any other purpose. The intent, in fact expressed, is otherwise.
Accordingly, the method used in fixing the value of the corporate assets for the purposes of admitting Lo Presto is not determinative in fixing the value of plaintiff’s holdings.
Plaintiff computes the value of the applicable items in paragraph 17 of the agreement as follows:
“A. Goodwill......................... $2,385.04
B. Furniture, etc..................... 4,768.96
C. Current accounts receivable
(less reserve of 3%)........... 25,909.00
D. Inventory........................ 33,788.56”
Defendants disagree with these computations, except for the goodwill, and claim instead that these items should be valued at the figures shown on a financial statement of the defendant corporation as of April 30, 1959.
The court, after considering such testimony as was presented, arrives at the following values for the items set forth in
paragraph 17 :
“ A. Goodwill......................... $2,385.04
B. Furniture, etc..................... 4,200.00
C. Accounts receivable (less
reserve of 3%)................ 25,909.00
D. Inventory........................ 10,000.00 ”
These figures do not reflect the true value of plaintiff’s stock, however, but are to be used as the value of these items in determining the value of his interest.
The trial of this action must be reopened for the submission of testimony by competent witnesses concerning the true worth of the business based on consideration of all assets and liabilities. Paragraph 17 provides for this to be determined by a ‘ * Certified Public Accountant Accordingly, this matter is set down for a continuation of the trial before me on September 18,1961.