Joseph A. Suozzi, J.
In this action the plaintiff seeks to recover (1) the value of his shareholdings in the defendant corporation; (2) unpaid accrued salary for an eight-week period; and (3) the value of his undistributed profits.
By decision dated August 10,1961, after a trial of this action, the court ruled that paragraph 17 of the stockholders’ agreement, dated March 5, 1957, “ merely serves as a guide for evaluating the particular items mentioned which must then be considered in conjunction with other factors, such as liabilities and cash on hand, before the true value is arrived at.” (Wolfeld v. Bush, 33 Misc 2d 839, 841.)
The court dismissed plaintiff’s action for undistributed profits, and rendered judgment for the plaintiff for eight weeks ’ salary, totaling $1,288.80 with interest, and fixed the following values for the pertinent items: good will, $2,385.04; furniture, etc., $4,200; accounts receivable, less reserve of 3%, $25,909; and inventory, $10,000. The court directed that the trial of the action be reopened for testimony as to the true worth of the business, and the trial was reopened on September 25, 1961.
At the opening of the trial the court’s attention was directed to a check for $172.08, which plaintiff admittedly received. Accordingly the judgment on the second cause of action in the amount of $1,288.80 is reduced by this amount to $1,116.72, together with interest.
*844 An error in the computation of the accounts receivable was also noted, and accordingly the court corrects the figure of $25,909 for accounts receivable to $27,072.56, which is the value of the accounts receivable less a reserve of 3%.
The defendants also moved for a reconsideration of the value of the furniture, and upon reconsideration the court amends this valúe from $4,200 to $3,800.
The plaintiff sought, through a certified public accountant, to establish the net worth of the corporation as being $32,091.43. Defendants’ proof limited the value to not more than $7,000.
The item most seriously in dispute is the treatment of precharged and unearned accounts receivable. The accounts receivable were fixed by the court at $27,072.56 (corrected figure). Of this amount, $19,635.80 is shown to be precharged and unearned income, and defendants urge that this amount is to be deemed a liability in determining value.
Admittedly this portion of the receivables is precharged and unearned. Nevertheless, these accounts receivable were obtained while plaintiff was a stockholder and, in the court’s view, he should share in any profit which might result therefrom.
Plaintiff sought to prove that it would cost about one third of this precharged and unearned income to perform the contracts and to earn this income, resulting in a profit of two thirds of these receivables. Defendants urge, on the other hand, that the corporate experience demonstrates that there would be no profit on these receivables, and that the full amount should be carried as a liability. The court cannot and does not adopt either of these extreme positions.
A financial statement showing the corporate position as of April 30, 1959 prepared by the corporation’s accountant, who incidentally had been recommended originally to the corporation by the plaintiff, contains an ‘ ‘ Interim Income Statement for Four Months Ended April 30, 1959 ”. From this statement it appears that during the four-month period immediately prior to the termination of plaintiff’s holdings, the corporation showed a gross profit of $10,435.77 against a gross income of $28,462.91. A substantial part of this gross income is income derived from accounts receivable similar to the ones in dispute here. From this statement it also appears that the cost of sales and services to produce this income was $18,027.14, and that a gross profit of 36.6% was produced during this four-month period.
In the absence of any other probative or contrary proof, in the court’s opinion it is not unreasonable to adopt this as a measure of the gross profits to be expected from the precharged and unearned receivables of $19,635.80. Allowing for an adjust *845 ment, and applying a profit percentage of 33%%, the court finds that the item of $19,635.80 carried by the defendant as a liability should be reduced by $6,545.27. The amount then to be carried as a liability is $13,090.53.
Among the liabilities listed is the sum of $1,500 as notes payable to Frank Lo Presto. From the proof adduced, it appears that this liability was disposed of by the payment of $1,000.
After considering all of the evidence and testimony submitted, both at the trial and at the retrial, the court finds the corporate assets and liabilities to be as follows, as of April 30,1959:

Assets

Cash on Hand....... .....$ 138.59
Accounts Receivable . ..... 27,072.56
Inventory .......... ..... 10,000.00
Loan Receivable, M. Wolfelá ............. ..... 300.00
GECC Exchanges ... ..... 8.95
Receivable from Jaris Fac. 648.21
Auto Equip., Furnishings and Fixtures...... ..... 3,800.00
Good Will.......... ..... 2,385.04
Security Deposits ... ..... 750.00
Insurance Prepaid ... ..... 1,385.49
Total Assets ...... .....$46,488.84

Liabilities

Acets. Ree., Precharged and Unearned ......... $13,090.53
Cash Overdrafts on Bank 2,584.18
Notes Pay., F. Lo Presto 1,000.00
Acets. Payable (Sch. 2).. 12,111.25
Employees Taxes....... 1,328.79
Franchise Tax Payable... 468.96
Sales Tax Payable....... 184.02
Accrued Salaries Payable 760.22
Loans Payable, Officers.. 187.00
Sidney Singer, Exchange 42.24
Security Deposits held on Sublease ............. 125.00
Total Liabilities....... $31,882.19
The net worth is fixed at $14,606.65, being the difference between total assets and total liabilities, and the court finds that plaintiff is entitled to one fourth thereof, or $3,651.66.
Defendant King Freeze Corporation’s counterclaim for $300 against the plaintiff is allowed, as is defendant Alphonse Martinez’ counterclaim for $200.
Accordingly, judgment is rendered as follows:
1. In favor of the plaintiff on the first cause of action in the amount of $3,651.66, with interest and costs.
2. In favor of the plaintiff on the second cause of action in the amount of $1,116.72, with interest and costs.
3. The third cause of action is dismissed, with costs.
4. In favor of the defendant corporation in the amount of $300, with interest.
5. In favor of the defendant Alphonse Martinez in the amount of $200, with interest.
This, together with the court’s memorandum decision of August 10, 1961 as herein modified, constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.